UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|     Plaintiff, § | |
| v. § | CIVIL NO. _____ |
| § | |
| $587,100 IN U.S. DOLLARS, § | |
|     Defendant. § | |

VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture in rem against $587,100 (the "Defendant Property"). The United States alleges on information and belief as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a).

STATUTORY BASIS FOR FORFEITURE

3. This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title), or a conspiracy to commit such offense." Wire fraud in

Case 4:24-cv-01756　Document 1　Filed on 05/10/24 in TXSD　Page 2 of 6

violation of 18 U.S.C. §1343 is "specified unlawful activity" pursuant to 18 U.S.C. §1956(c)(7). A conspiracy to commit wire fraud is a violation of 18 U.S.C. § 1349.

4. The Defendant Property is $587,100 tendered to the United States by a third party. The Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as property which constitutes or is derived from, in whole or in part, proceeds traceable to specified unlawful activity, including wire fraud.

## FACTS

5. On July 28, 2022, a Grand Jury returned an Indictment against Caleb Jordan McCreless and Christopher Luke McGinnis in Cause No. 4:22-cr-00372, *United States v. McCreless, et al.* The Indictment charged them with wire fraud and conspiracy to commit wire fraud in connection with the sale of purported high-grade medical gloves. The two defendants lived in and committed overt acts in the Southern District of Texas, specifically in the Houston area. On May 2, 2023, McCreless pleaded guilty to wire fraud and conspiracy to commit wire fraud. On November 3, 2023, McGinnis pleaded guilty to conspiracy to commit wire fraud. At sentencing, the criminal court ordered that restitution of more than $35 million be paid to victims.

6. Beginning in roughly March 2020, McCreless formed "McCreless Enterprises," a business designed to market and sell medical supplies. He claimed that McCreless Enterprises had access to high-end nitrile gloves known within the

medical supply industry for being top-of-the-line in terms of quality and reputation. Such gloves were exceedingly difficult to obtain during the COVID-19 pandemic.

7. McGinnis was the Manager of Houston Operations for a nationwide freight forwarding and shipping company. The company regularly conducted overseas shipping with various ports of call in China and California, among others. McGinnis later left the company and accepted payments from McCreless to further the conspiracy.

8. In and around September 2020, McCreless claimed that McCreless Enterprises had a dedicated line of "Hongray" gloves, or gloves of a similar exceptional quality. At the time, the well-known Hongray gloves, produced by a company of the same name in the Sichuan region of China, were coveted by the medical supply industry because they were non-allergenic, approved for use in the most complicated surgeries, and certified for importation into the United States by the Food and Drug Administration (FDA). As a result, McCreless was able to demand highly inflated prices for the gloves during the COVID-19 pandemic and concomitant glove shortages.

9. In reality, McCreless did not have access to Hongray gloves or their equivalent, despite explicitly using these claims in marketing materials. McCreless entered into contracts and collected payment from multiple victim buyers, then either failed to deliver any gloves to them or offered vastly inferior gloves. McCreless

told victim companies concerned about the status of their shipments to contact McGinnis at the shipping company. McCreless paid McGinnis to delay and confuse customers seeking the gloves they had ordered. McCreless and McGinnis altered bills of lading and falsely represented to multiple customers that the one shipment of inferior food-grade gloves received by McCreless Enterprises belonged to that particular customer. The victim companies sustained losses from the fraud.

10. During the course of the wire fraud conspiracy, McCreless Enterprises made a series of five payments totaling $587,100 to a third party with initials R.F. The payments were made between August 2020 and January 2021, using proceeds from the fraud.

11. The third party learned of the fraud and tendered the $587,100 to the United States so that the funds could be civilly forfeited. After forfeiture, the U.S. Attorney's Office intends to seek restoration of the funds so they can be applied for the benefit of the victim companies listed in the criminal court's restitution order.

<u>NOTICE TO ANY POTENTIAL CLAIMANT</u>

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in

accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than 21 days after filing the verified claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on persons who reasonably appear to be potential claimants.

The United States demands a jury trial. The United States seeks a final judgment forfeiting the Defendant Property to the United States and requests any other relief to which the United States may be entitled.

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By: *Kristine E. Rollinson*
Kristine E. Rollinson
SDTX Federal No. 16785
Texas State Bar No. 00788314
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
tel. 713-567-9000

## VERIFICATION

      I, Kendall Hopper, Special Agent with the Federal Bureau of Investigation, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 5 through 11 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

                                                  _/s/ Kendall L. Hopper_
                                                  Kendall Hopper, Special Agent
                                                  Federal Bureau of Investigation